IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Wuhan Jiahao E-commerce Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Interlink Products International, Inc., <br><br> Defendant. | Civil Action No.: 25-cv-15675 <br><br> **JURY TRIAL DEMAND** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Wuhan Jiahao E-commerce Co., Ltd. ("Plaintiff") brings this complaint against Interlink Products International, Inc. ("Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff seeks this relief in response to Defendant's recent accusation of patent infringement as to the U.S. Patent No. 12,485,435 (the '435 Patent). A true and correct copy of the 435 Patent is attached hereto as Exhibit A.

3. On or around December 12, 2025, Amazon sent a notice to Plaintiff regarding a complaint submitted by Defendant under Amazon's intellectual property enforcement program. The complaint alleges that Plaintiff's SHOWERHEAD product ("Non-Infringing Product") infringes the '435 Patent. A true and correct copy of the December 12, 2025, Amazon notice is attached hereto as Exhibit B.

1

4. Pursuant to Amazon's intellectual property enforcement procedures, product listings may be removed if an infringement complaint is submitted and remains unresolved. The parties have engaged in efforts to address the matter but have been unable to reach a resolution. Plaintiff is opting not to proceed through Amazon's APEX program, which does not consider defenses such as patent invalidity and is limited in scope to infringement issues.

5. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Non-Infringing Product has not infringed, or otherwise violated the patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

6. An actual justiciable controversy also exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's patent is invalid.

7. Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Defendant's patent.

## THE PARTIES

8. Plaintiff, Wuhan Jiahao E-commerce Co., Ltd. is a private Chinese company, d/b/a Amazon seller FunnyAir Direct (Seller ID:A4KF8XOU4G4KR).

9. Upon information and belief, Defendant is a New Jersey company with an address of 1315 E. Elizabeth Ave., Linden, New Jersey 07036. Defendant is the purported owner of the '435 Patent.

10. Upon information and belief and based on contentions by Defendant in its complaint filed with Amazon, Defendant claims to own the '435 Patent.

**JURISDICTION AND VENUE**

11. This action arises under the patent laws of the United States, including 35 U.S.C. § 1 et seq. Accordingly, this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202.

12. This Court has specific personal jurisdiction over Defendant because Defendant has purposefully directed commercial and enforcement-related conduct toward Illinois, and Plaintiff's claims arise out of and relate to that Illinois-directed conduct.

13. Defendant sells products to customers in Illinois through Amazon's fully interactive e-commerce marketplace. A true and correct copy of the transaction record reflecting at least one documented sale shipped to Chicago, Illinois 60637, within this District, is attached as Exhibit C.

14. In addition, Defendant initiated the Amazon patent infringement complaint that is the subject of this action, seeking removal of Plaintiff's identified ASINs and impairing Plaintiff's ability to conduct lawful commerce in Illinois. Defendant's enforcement request was expressly aimed at restraining Plaintiff's sales in the United States, including sales into Illinois, and Defendant knew or should have known that the foreseeable commercial effects of its conduct would be felt in this District.

15. Plaintiff's declaratory judgment claims arise directly from Defendant's Illinois-directed sales activity and Defendant's Amazon patent enforcement complaint, which threatened and continues to threaten Plaintiff's ability to sell its products to Illinois consumers through Amazon.

16. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including (i) Defendant's sale of products shipped into Illinois and (ii) the Illinois-based commercial harm threatened and caused by Defendant's Amazon patent infringement complaint.

## FACTUAL BACKGROUND

17. On December 2, 2025, the United States Patent and Trademark Office issued the '435 Patent.

18. Defendant purports to own the right, title, and interest in the '435 Patent.

19. On or about December 12, 2025, Defendant submitted a report to Amazon.com under its intellectual property enforcement program, initiating a patent enforcement action concerning Plaintiff's product listings. As a result, Plaintiff's ability to conduct business on the Amazon marketplace has been adversely affected.

20. In response to Defendant's Amazon Complaint, on the same date, Amazon notified Plaintiff that Plaintiff's Non-Infringing Product listings may be removed based on Defendant's allegation of infringement unless the parties resolve the dispute directly, the Defendant agrees to proceed through Amazon's APEX program, or the Defendant initiates a court action regarding the alleged infringement.

21. Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

22. Plaintiff has at all times acted in good faith with respect to the '435 Patent. Based on analysis of the patent claims and public materials, Plaintiff contends that its Non-Infringing Products do not infringe any claim of the '435 Patent under any recognized theory of liability.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
### (U.S. Patent No. 12,485,435)

23. Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Defendant has contended that Plaintiff's Non-Infringing Products infringe at least one claim of the '435 Patent.

25. Plaintiff seeks a declaratory judgment and corresponding court order declaring that Plaintiff's Non-Infringing Products, including at least ASINs: B0FBR9BJW7, B0FBRF9RJB, B0FQNMRSFR, and B0FKB4FCQH, do not infringe the '435 Patent.

26. Plaintiff does not infringe any valid and enforceable claim of the '435 Patent, whether directly or indirectly, literally or under the doctrine of equivalents, by the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Products.

27. Plaintiff has not engaged in any activity that constitutes infringement of any valid and enforceable claim of the '435 Patent.

28. In support of its non-infringement position, Plaintiff provides a full and detailed non-infringement analysis comparing the asserted claims of the '435 Patent to the Non-Infringing Products structure and operation. A true and correct copy of that analysis is attached as Exhibit D.

29. Exhibit D explains that "[t]he product exhibits significant differences" from the '435 Patent and that those differences "demonstrate that the product does not infringe" the patent claims.

30. Exhibit D further identifies a key structural difference relevant to at least independent claim 1: "our showerhead does not incorporate this rear-mounted flow selector."

31. Exhibit D also notes that "the distribution and types of [the] first nozzles are completely different" between the '435 Patent drawings and Plaintiff's product.

32. As demonstrated in Exhibit D, the Non-Infringing Products differ from the '435 Patent in multiple material respects, including structural configuration and functional operation of the nozzle assemblies and flow-selection mechanisms, such that one or more required claim limitations are not met.

33. A real and substantial controversy exists regarding the scope and alleged infringement of the '435 Patent, and Plaintiff is entitled to a judicial declaration that it has not infringed any valid and enforceable claim thereof.

34. Plaintiff reserves the right to seek an award of attorneys' fees under 35 U.S.C. § 285 should the facts and circumstances support a finding that this case is exceptional.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '435 Patent

35. Plaintiff restates and incorporates by reference each of the allegations contained in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Defendant has contended that at least one claim of the '435 Patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing Plaintiff's Non-Infringing Products.

37. Plaintiff avers that the claims of the '435 Patent are invalid under one or more provisions of the Patent Act, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and the doctrine of non-statutory double patenting.

38. Plaintiff avers that the claims of the '435 Patent are anticipated and/or rendered obvious by the prior art, including art that was of public record or otherwise accessible to a person

6

of ordinary skill in the art at the time of the alleged invention but was not adequately considered during prosecution.

39. A concrete and justiciable controversy exists as to the validity of the '435 Patent, and Plaintiff is entitled to a declaratory judgment that one or more of its claims are invalid and unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that Plaintiff does not infringe the '435 Patent.

2. A declaratory judgment that one or more claims of the '435 Patent are invalid.

3. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in active concert or participation with any of them ("enjoined parties"), as follows:

    A. Restraining and enjoining, preliminarily and permanently, Defendant from asserting the '435 Patent against Plaintiff's Non-Infringing Products; and

    B. Requiring Defendant to provide written notice of the injunction to all enjoined parties.

4. A declaration that this case is exceptional under 35 U.S.C. § 285, should the facts and circumstances support such a finding.

5. An award of Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 35 U.S.C. § 285, should the Court determine that this case is exceptional.

6. An award of pre-judgment and post-judgment interest as permitted by law.

7. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: December 28, 2025          Respectfully submitted,

                                         /s/ Alexander Warden
                                         Alexander Warden
                                         West Atlantic Law Firm, PLLC
                                         104 West 40th Street, 4th and 5th Floor
                                         New York, NY 10018
                                         (347)420-0279
                                         Attorney for Plaintiff
                                         *Wuhan Jiahao E-commerce Co., Ltd*.

## VERIFICATION

I, _____Wei Xu_____, declare under penalty of perjury that I am an authorized representative of Wuhan Jiahao E-commerce Co., Ltd., and that I have read the foregoing Complaint. The facts stated in the Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on _____December 24_, 2025_

Name: __WEI XU_____

Title: _____CEO_____

Wuhan Jiahao E-commerce Co., Ltd.,.